In re A.H. ROBINS COMPANY, INC., Debtor.

Employer's Tax Identification No. 54–0486348.

In re MESHBESHER & SPENCE, LTD., Joseph S. Friedberg, Chartered.

No. 85–01307–R.

United States District Court, E.D. Virginia, Richmond Division.

July 31, 1998.

Paul W. Bergstrom, Meshbesher & Spence, Ltd., Joseph S. Friedberg, Minneapolis, MN, for Movants.

Orran L. Brown, Richmond, VA, for Dalkon Shield Claimants Trust.

*MEMORANDUM*

SPENCER, District Judge;
BLACKWELL N. SHELLY, Bankruptcy Judge.

This matter is before the Court on the motions of Meshbesher & Spence, Ltd. (the

"Meshbesher Firm"), and Joseph S. Friedberg, Chartered ("Mr. Friedberg"), for Reinstatement of Attorneys' Fees. For the reasons which follow, the Court will GRANT the motions.

### I.

On March 1, 1995, this Court entered an Order Disallowing Unreasonable Attorneys Fees On Pro Rata Distribution (the "March 1 Order"). Paragraph 2 of that Order prohibits counsel for Dalkon Shield personal injury claimants from "charging or receiving, directly or indirectly, any compensation or fees, based upon or out of any pro rata distribution received by a Dalkon Shield Personal Injury Claimant from the Trust . . . in excess of ten percent of such pro rata distribution." This Court rejected all challenges to its jurisdiction to enter the March 1 Order. This ruling was unanimously affirmed by the Court of Appeals for the Fourth Circuit in *In re A.H. Robins Co.*, 182 B.R. 128 (Bankr. E.D.Va.1995), *aff'd*, 86 F.3d 364 (4th Cir. 1996).

The March 1 Order also prescribed a procedure to be followed by any attorneys or firms who objected to the disallowance and wished the Court to consider reinstating fees above the ten percent limit. The procedure included the requirement that such motions to reinstate fees be filed with the Court no later than April 17, 1995. The Order gave notice of the opportunity for argument and an evidentiary hearing before the Court. On April 27–28, 1995, Mr. Paul W. Bergstrom ("Mr. Bergstrom") and Mr. Ronald I. Meshbesher ("Mr. Meshbesher"), on behalf of the Meshbesher Firm, and Mr. Friedberg, on behalf of his firm, appeared before the Court and presented evidence in support of their Motions For Reinstatement Of Attorneys' Fees. However, having stayed the proceedings on all of the individual motions to reinstate fees during the pendency of the appeal to the Fourth Circuit (Docket No. 23514),

this Court never addressed the merits of either motion.

Following the unsuccessful appeal to the Fourth Circuit, this Court entered an Order, dated September 17, 1996, addressing the sixty-two motions to reinstate fees still pending before the Court. (Docket No. 29532). That Order directed certain movants to file their proposed findings of fact and conclusions of law in support of their motions to reinstate fees by November 1, 1996. The Meshbesher Firm and Mr. Friedberg made timely submissions and the matters are now ripe for disposition.[1]

### II.

■ The Meshbesher Firm is located in Minneapolis, Minnesota, and has represented approximately 900 Dalkon Shield Claimants since 1983—two years before A.H. Robins Company, Inc. ("A.H. Robins") filed for Chapter 11 bankruptcy. Mr. Friedberg is also from Minneapolis, Minnesota, and has represented over 400 Dalkon Shield Claimants since 1983. While both the Meshbesher Firm and Mr. Friedberg have recounted in detail the resources and time they have expended over the years in representing their Dalkon Shield clients, on a Motion For Reinstatement Of Attorneys' Fees On Pro Rata Distribution, this Court's focus is not on an attorney's efforts on the underlying claim, but on the efforts required for the client to receive the pro rata payment.[2]

Although the Court is more than satisfied that both the Meshbesher Firm and Mr. Friedberg have performed more work per client than an attorney who only represented claimants after the bankruptcy and that it is highly likely that they received the same compensation, even though they assumed a greater risk and performed more work, this type of protracted involvement does not constitute the type of "extenuating circumstances" that this Court has held to be re-

---

1. The Dalkon Shield Claimants Trust takes no position with respect to either motion.

2. *See In re A.H. Robins Co.*, 182 B.R. at 135 ("[T]he reasonableness of fees charged against a claimant's underlying recovery from the Trust and the reasonableness of fees charged against a

claimant's pro rata payment [are two distinct issues]. In reviewing the reasonableness of fees, there is a critical distinction between a claimant's underlying recovery on a Dalkon Shield claim and her subsequent receipt of a pro rata payment .").

quired in order for an attorney or firm to be entitled to a fee of more than ten percent. *See In re A.H. Robins Co.*, 182 B.R. at 138. In reaching this conclusion, the Court is guided by the Fourth Circuit's ruling that the pro rata payment is a "bonus" that is paid over and above the amount of an individual's full settlement of a claim. *See Robins*, 86 F.3d at 369–70, 375.

 Thus, it is not the Meshbesher Firm's or Mr. Friedberg's representation of their clients on their underlying claims that entitles them to relief from the March 1 Order. Rather, it is their involvement in the removal of certain Trustees that compels this Court to grant them limited relief. It is undisputed that the Meshbesher Firm, in particular, attorneys Mr. Meshbesher, Mr. Bergstrom, and Mr. Anthony J. Nemo ("Mr. Nemo"), and Mr. Friedberg have played an integral part throughout the history of this litigation. In addition to their representation of claimants in pre-petition lawsuits, the attorneys were also instrumental in various pre-petition matters, including, but not limited to, securing the removal of three of the original Trustees who were performing their duties in a manner that threatened the fiscal success of the Trust assets. In particular, it was Mr. Bergstrom who discovered the potential problems in September 1988 and assisted in drafting the Motion To Remove Trustees filed in this Court as well as the briefs filed in the Fourth Circuit, and it was Mr. Friedberg who argued the matter in both courts. Although the attorneys concede that the over $1 billion of remaining Trust funds available for pro rata distribution to claimants "exists as a direct result of the substantial efforts of the Trustees," [3] they argue that the Trustees who are responsible for this surplus are not the original five appointed by this Court, but rather include the three who were appointed after the Meshbesher Firm and Mr. Friedberg successfully secured the removal of the problematic Trustees. Accordingly, the Meshbesher Firm and Mr. Friedberg contend that "[w]ithout the cooperation, leadership and professional efforts of Bergstrom and Meshbesher in association with Fried-

berg, it is quite likely that the fiscal success realized by the current Trustees, which has resulted in an unprecedented *surplus* of Trust assets, would not have occurred and there would have not been a pro rata distribution to anyone." Meshbesher Proposed Findings Of Fact ¶ 49 (emphasis in original).

Although this Court has previously determined that the availability of pro rata payments did not result from the legal efforts of counsel, but from the effective management of the Trust, *In re A.H. Robins Co.*, 182 B.R. at 136, the Court finds that the legal efforts of the Meshbesher Firm and Mr. Friedberg had a direct impact on whether the Trust was effectively managed and thus, the funds properly preserved for future pro rata distribution. Unlike the other attorneys and firms who have moved this Court for reinstatement of attorneys' fees, the Court finds that these attorneys did far more than perform the simple ministerial task of forwarding their clients their pro rata distributions.

### III.

 The Court finds that the Meshbesher Firm and Mr. Friedberg have presented the type of "extraordinary case" or "extenuating circumstances" that would justify relief from the Court's March 1, 1995 Order. *See id.* at 138, 140 n. 15. However, the Court also finds that reinstating their original 33⅓% contingent attorneys' fee would be excessive and unconscionable. Accordingly, the Court will award the Meshbesher Firm and Mr. Friedberg an additional five percent (5%) in attorneys' fees above the ten percent (10%) currently allowed under this Court's March 1 Order out of the final pro rata distributions made by the Trust to each firm's Dalkon Shield clients.[4]

---

3. Meshbesher Proposed Findings Of Fact ¶ 44; Friedberg Proposed Findings Of Fact ¶ 27.

4. This ruling does not apply to those nineteen clients of the Meshbesher Firm who have opposed the firm's Motion For Reinstatement, or to

those ten clients of Mr. Friedberg who have opposed his Motion For Reinstatement. Neither the Meshbesher Firm nor Mr. Friedberg seeks reinstatement of attorneys' fees above the ten percent (10%) limitation for those clients. *See* Meshbesher Proposed Findings Of Fact ¶ 16; Friedberg Proposed Findings Of Fact ¶ 9; Joint Supplemental Mem. at 13 n. 9.